## IMPERATORE v. UNITED STATES.

### No. 119, Docket 22188.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1951.

Decided Jan. 8, 1952.

---

Martin B. Nadle, New York City, for James Imperatore, Jr., plaintiff-appellant.

Myles J. Lane, U. S. Atty., New York City, for United States, defendant-appellee; Nathan Skolnik, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, James Imperatore, Jr., brought suit against the United States under the Federal Tort Claims Act, as amended, 28 U.S.C. §§ 1346(b), 2402, 2671, to recover for personal injuries sustained when he was struck by a United States Post Office Department mail truck, which he alleged was operated in a negligent manner by an employee of the Post Office Department. A trial was held before the district court without a jury, and at the close of the evidence, the court directed a judgment in favor of the United States.

As often occurs in cases of this nature, the litigants offered sharply different versions of how the accident happened, and each version was supported by their respective witnesses. The plaintiff claimed that while crossing Greenwich Avenue from north to south he was struck by the mail truck on the south side of Greenwich Avenue, in the Borough of Manhattan, New York City, at a point about 12 feet from the south curb of that street; that prior to entering the east bound traffic lane he looked and saw that no vehicles were traveling east on Greenwich Avenue; and that at the time he was struck the mail truck was moving west in the east bound lane. The defendant, however, claimed that the plaintiff stepped from between two trucks that were parked at the north curb of Greenwich Avenue directly in front of the mail truck, which at the time was traveling west in the west bound lane, and that the truck driver swerved to avoid hitting him, whereupon the truck came to a stop with its left front end slightly in the east bound lane. Thus, the main, if not the sole issue of fact in the case was whether the mail truck was traveling on the wrong side of Greenwich Avenue when it struck the plaintiff.

The district court accepted the version of the Government that the mail truck was traveling on the correct side of the street and made findings accordingly. We are now asked to set aside those findings as being unsupported by the evidence. But there was nothing more than conflicting evidence as to the location of the mail truck, which can be resolved only on the basis of the credibility of the witnesses. We cannot say that the findings of the district court were clearly erroneous or that it acted arbitrarily or unreasonably in rejecting the version of the accident given on behalf of the plaintiff.

It is contended that the district court erred in refusing to allow the plaintiff's counsel to examine a report made by the F. B. I. Agent Cahill who testified at the trial. Cahill was called as a witness by the Government to attack the credibility of the plaintiff's witness, McQuillan, whose answers at the trial supposedly conflicted with answers he had given the Agent Cahill during an interview about a year earlier. On the cross-examination of Cahill, the plaintiff's counsel requested that he be permitted to examine Cahill's report of the interview, ostensibly for the purpose of attacking Cahill's credibility or perhaps the latter's memory. This request was refused by the court on the ground that a confidential report of an F. B. I. agent was not subject to inspection by outsiders. Without passing upon the soundness of the reason offered by the court for its ruling, it is sufficient to say that a careful examination of the record fails to disclose that Cahill used the report in question to refresh his recollection while testifying. In the absence of such use, the plaintiff had no absolute right to have the report produced for his inspection. United

States v. Goldman, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322; cf. United States v. Walker, 2 Cir., 190 F.2d 481, 483. Moreover, it is difficult to see how the court's ruling could have prejudiced the plaintiff. Cahill was the last witness to appear at the trial and at best, a successful attack on his credibility would not have added much weight to the plaintiff's case. This is especially true in view of the judge's statement at the close of the trial that he believed and relied on the testimony of the Government's witnesses Hunt, Moretta and Wisroth, whose testimony if accepted was conclusive on the main issue before the court.

The plaintiff contends, without merit, that the trial judge unreasonably interfered with his cross-examination and that he was not given a fair trial. On the contrary, the record shows that the judge properly performed his function of directing the conduct of the trial and the examination of witnesses so as to elicit the truth and to avoid any confusion of issues.

The other rulings of the trial court to which objections have been made were quite correct and, even if erroneous, were clearly not prejudicial in respect to the final outcome. Accordingly the judgment is affirmed.